

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 26, 1974

The Honorable Waldeen D. Wilson,
Executive Secretary
Board of Vocational Nurse Examiners
406 Sam Houston State Office Bldg.
Austin, Texas 78701

Opinion No. H- 242

Re: Applicability of Article 6252-17a,
V. T. C. S., to the records of
licensees maintained by the Board
of Vocational Nurse Examiners

Dear Ms. Wilson:

You have requested our opinion in answer to a series of questions concerning the applicability of the Open Records Act, Article 6252-17a, Vernon's Texas Civil Statutes, to various licensing records of your Board:

(1) What items on the licensee master file are considered confidential?

(2) Are names, addresses, birthdates, license numbers and social security numbers of particular licensees considered confidential?

(3) May the Board refuse to grant a request because of its magnitude?

(4) What are the obligations of the Board in responding to requests from other state and federal agencies requesting major information on the master file to be used for research and study for various nursing projects? If the information is disclosable, how should costs be determined for reproduction of this material?

(5) Does Section 6(a)(9) make the contents of the licensing examination public information, or are the contents excepted from disclosure under Section 3?

The Board of Vocational Nurse Examiners is created and governed by Article 4528c, V. T. C. S.   We find nothing in that statute which would make the information unavailable to a member of the public.

Section 3(a) of the Open Records Act provides:·

"(a)  All information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information and available to the public during normal business hours of any governmental body, with the following exceptions only:"

Since "governmental body" is defined by Sec. 2(1)(A) of the Act to include any board within the executive branch of the state government, in our opinion the Board of Vocational Nurse Examiners is subject to the mandate of Sec. 3(a) of the Act.

The master file, referred to in your first question,is comprised of the initial file and the annual renewal card.   The former contains the licensee's name, address, birth date, social security number, age, sex, marital status, license number, date of graduation from nursing school, date of state board examination, examination grades, date of license, whether license issued by waiver or by examination, the school code and whether the license is current or delinquent.   The renewal card seeks to bring much of this information up to date and, additionally, asks about employment status and area, general education, attendance at and degrees from college, availability of in service training, and asks for a yes or no answer as to whether the licensee has been arrested for a felony or misdemeanor, other than a minor traffic violation, since last September 1.

None of the information contained on these cards appears to be excepted from disclosure by any exception contained in Sec. 3(a) of the Act.   It is our opinion, therefore, that the information contained in the licensee master file should be made public upon request.   Particularly, we do not believe that any of it, if disclosed, would violate a constitutionally protected right of privacy.   See Attorney General Opinion H-90 (1973).

Your second question refers to information in the master file and, in our opinion, the same answer should apply.

Your third question asks whether the magnitude of a request affects the issue of disclosability under the Act.

Our answer is "No". Generally speaking, neither the size of the request nor the person making it affects consideration of the basic issue of disclosability as far as the Board of Vocational Nurse Examiners is concerned.

We appreciate the fact that practical problems of compliance may from time to time confront governmental bodies such as yours. However, the Act does not authorize this office to consider those difficulties in deciding the basic question of whether information is public. A request must include sufficient detail to make identifiable the exact type of information requested. The governmental body may ask for clarification if it cannot reasonably understand a particular request. But when the particular type of information requested is identifiable, the only analysis permissible under the Act is whether that type of information is public.

Apprehension has been expressed by some about releasing information to persons with purely commercial motives, or motives that are otherwise characterized as suspect. The Act does not permit analysis of the requestor's motive in determining the basic question of disclosability. Section 5(b) specifically provides that "Neither the custodian nor his agent who controls the use of public records shall make any inquiry of any person who applies for inspection or copying of public records beyond the purpose of establishing proper identification and the public records being requested." See Open Records Decision No. 8 (1973).

Question 4 raises separate consideration for state and federal agencies. Our office has previously recognized the need to maintain an unrestricted flow of information between state agencies. See Attorney General Opinion M-713 (1970). The Open Records Act does

not undercut that policy. Information which is not required to be disclosed to the public under the Act can still be transferred between state agencies without violating its confidentiality or destroying its confidential character.

In regard to costs of providing information to other agencies, the Open Records Act provides for a determination of costs by consultation between the agency from whom the information is requested and the State Board of Control, as provided by Sections 9(a) and 9(b) of the Act. Such costs might also be governed by the Interagency Cooperation Act, Art. 4413(32), V. T. C. S. While cooperation with federal agencies is desirable even where information is being requested that is not <u>required</u> to be supplied by the State of Texas under federal law, the policy supporting interchange of information among state agencies is absent when a federal agency requests information not required by law to be divulged to it. Especially where information, non-disclosable to the public, is involved, the state cannot effectively assure that federal agencies, which function under a different "Open Records Law", (see 5 U.S. C. , Sec. 552) will maintain state records with the same eye towards confidentiality that state agencies would be bound to do under the laws of Texas. This lack of control by the state does not preclude the right of federal agencies to have access to <u>public</u> information of the State. It does preclude them from access to <u>non-disclosable</u> information, unless some other law requires its disclosure.

With regard to costs of reproducing information, in the absence of a particular statute or federal requirement, a federal agency should be treated, under the guidelines of Section 9, as any "person" requesting information.

Your fifth question asks whether the contents of the licensing examination is public information.

Section 6(a)(9) of the Open Records Act specifically makes public information "instructions as to the scope and contents of all . . . examinations . . . . "

The Honorable Waldeen D. Wilson, page 5  (H-242)

We believe that Section 6(a)(9) contemplates publicity on what the examination is to be about when one is required by state law to pass such an examination as a condition to receiving state certification in the area examined; it does not contemplate publicizing the questions on the examination itself. Obviously, such a policy was not intended under the Act, otherwise prior access to examination questions would render all state examinations useless. We cannot ascribe to the Legislature an intent to achieve an absurd result.

Your agency is required to administer examinations to qualified applicants for licensure by Section 4(d) of Article 4528c, V. T. C. S. We believe that the statutory authority to conduct examinations necessarily includes the authority to maintain the confidentiality of the specific questions with which the applicant's knowledge is to be tested. Thus, the examination used by the Board is excepted from disclosure under the Open Records Act under Section 3(a)(1) as it is information authorized to be held confidential by statutory law.

## SUMMARY

Files of a licensing agency containing routine information concerning the status of a licensee, including whether or not his license is current, are disclosable under the Open Records Act. The identity of the requestor and the magnitude of the request do not affect disclosability of public information.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee